# In re Fifth Statewide Investigating Grand Jury

*Robert Graci, assistant attorney general*, for the commonwealth.

*Henry Barr*, for movants.

BAYLEY, *J.*, October 20 and 22, 1987—Pursuant to section 4550 of the Investigating Grand Jury Act, 42 Pa.C.S. §4541 et seq., the attorney general of Pennsylvania filed notice of submission of investigation number 40 with the supervising judge of the fifth statewide investigating grand jury on May 27, 1987.[1] Witnesses "A," "B" and "C," all employees of "X," were subpoenaed to appear before the grand jury on June 11, 1987, to give testimony pursuant to notice 40. On the scheduled date, "A" and "B" appeared. "C's" appearance was continued until the July session because of illness.

"A" and "B" were both represented by attorneys Joel R. Burcat and David B. Dowling of the law firm

---

1. The fifth statewide investigating grand jury is authorized by an order entered by Chief Justice Nix of the Supreme Court of Pennsylvania on April 1, 1986.

of Rhoads & Sinon of Harrisburg. Neither counsel nor the witnesses made any objections to their appearance and the witnesses were advised of their rights and sworn, after which they testified.

Witnesses "D," "E" and "C" appeared pursuant to subpoena on July 8, 1987. Like "A" and "B" a month earlier, these witnesses were represented by the same attorneys from Rhoads & Sinon. Prior to testifying they were advised of their rights and sworn. On the same date, the supervising judge, on application of the attorney for the commonwealth, entered an order allowing special agent Robert J. Bassett to be present while the investigating grand jury was in session hearing testimony and receiving information pursuant to notice 40. The assistant attorney general, orally on the record, represented to the supervising judge that the request was being made in order for agent Bassett to assist him in effective questioning of the witnesses before the grand jury. The written application noted that agent Bassett was the case agent or lead investigator assigned to the investigation pursuant to which the witnesses were subpoenaed. The order granting the motion was in conformity with Pennsylvania Rule of Criminal Procedure 264(b), and provided that agent Bassett shall not disclose any information pertaining to the grand jury except as provided by law.[2]

The record shows that agent Bassett was in the grand jury room during the questioning of the witnesses and made no statements to the grand jury or any witnesses. He complied with his oath of secrecy and the restrictions in the court's order. Counsel at

---

2. We granted the motion of all of the witnesses for disclosure of these records at the hearing held on their current motions on October 20, 1987.

no time made any objection to the procedure utilized.

On August 7, 1987, Henry G. Barr and attorneys Burcat and Dowling, all of Rhoads & Sinon, filed a motion on behalf of the witnesses referenced above as well as "F" and "X." The motion sought to quash the investigation relating to notice 40 and to declare invalid Pennsylvania Rule of Criminal Procedure 264, as amended in 1987. Thereafter, a subpoena was issued to "F," "G" and "A" directing their appearance before the grand jury on October 20, 1987. The subpoena directed to "F" and "G" sought to have them produce their handwriting exemplars. The same attorneys filed a motion to quash these subpoenaes. A hearing with respect to all of the motions was held before the supervising judge on October 20, 1987.

The motion of the subpoenaed witnesses together with "F" and "G" and "X" to quash notice 40, based upon agent Bassett having previously been present to assist the attorney for the commonwealth in the grand jury room, was dismissed. Counsel sought to have the supervising judge certify the rule 264 issue as a controlling issue of law to facilitate an interlocutory appeal.[3] The motion was denied. "F" and "G" were directed to reappear on October 22, 1987. In the presence of counsel on that date "G" indicated that he would comply with the subpoena to produce a handwriting exemplar. "F" refused to comply with the subpoena after which he was held in contempt. He was sentenced to imprisonment in the Dauphin County Prison for a term of six months with a condition of purge that he comply with the subpoena and provide a handwriting exemplar.

3. See 42 Pa.C.S. §702(b).

Commitment was deferred until 9:00 a.m., Monday, November 30, 1987.[4]

## DISCUSSION

.The subpoenaed witnesses request relief because agent Bassett assisted the commonwealth's attorney by being present before the grand jury when it was in session on July 8, 1987, pursuant to the authorizing order entered that date under Pennsylvania Rule of Criminal Procedure 264(b). They ask that notice 40 be quashed or, in the alternative, that their testimony and evidence obtained from them by the grand jury be quashed. They also seek to have the order of July 8, 1987, vacated. Additionally, "F" seeks to quash a subpoena for the production of his handwriting exemplar.

The Investigating Grand Jury Act was effective on November 22, 1978.[5] Thereafter, the Pennsylvania Supreme Court promulgated new Pennsylvania Rule of Criminal Procedure 250 et seq., relating to

4. The hearing on October 20, 1987, also involved other motions which we are satisfied were properly resolved. We denied the motion of "A," "D," "B," "C" and "E" to quash notice 40 upon their claims of denial of effective assistance of counsel based upon the seating arrangements' in the grand jury room. We rejected the witnesses' challenge that the subpoenaes issued were not relevant to the investigation being conducted by the grand jury and that the investigation was not within the jurisdiction of the grand jury and the scope of the applicable notice as per *In re Grand Jury Proceedings*, 486 F.2d 85 (3rd Cir. 1973), (*Schofield*), and *Robert Hawthorne Inc. v. County Investigating Grand Jury*, 488 Pa. 373, 412 A.2d 556 (1980). A resolution of various other motions by the subpoenaed witnesses is pending.

5. Act of 1978, P.L. 1148, (formerly 19 P.S. §§265-278). The act is now codified in the Judicial Code at 42 Pa.C.S. §4541 et seq.

such investigative grand juries. Rule 264 which was adopted January 4, 1979, effective January 9, 1979, provided:

"Who may be Present During Session of an Investigating Grand Jury.

"The attorney for the commonwealth, the alternate grand jurors, the witness under examination, a stenographer, and, when needed, an interpreter, may be present while the investigating grand jury is in session, but no person other than the permanent grand jurors may be present during the deliberations or voting. Counsel for the witness under examination may be present as provided by law."

At the beginning of 1987, the Supreme Court amended rule 264 to now provide:

"Who May be Present During Session of an Investigating Grand Jury.

"(a) The attorney for the commonwealth, the alternate grand jurors, the witness under examination and a stenographer may be present while the investigating grand jury is in session. Counsel for the witness under examination may be present as provided by law.

"(b) *The supervising judge, upon the request of the attorney for the commonwealth* or the grand jury, *may order that* an interpreter, a security officer, and *such other persons as the judge may determine are necessary to the presentation of the evidence may be present while the investigating grand jury is in session.*

"(c) All persons who are to be present while the grand jury is in session shall be identified in the record, shall be sworn to secrecy as provided in these rules, and shall not disclose any information pertaining to the grand jury except as provided by law.

"(d) No person other than the permanent grand jurors may be present during the deliberations or

voting of the grand jury." Volume 17, Pennsylvania Bulletin at 167, (January 10, 1987), (emphasis added).

The comment to the rule provides:

"The 1987 amendment provides that either the attorney for the commonwealth, or a majority of the grand jury, through their foreperson, may request that certain, specified individuals, in addition to those referred to in paragraph (a), be present in the grand jury room while the grand jury is in session. As provided in paragraph (b), the additional people would be limited to an interpreter or interpreters the supervising judge determines are needed to assist the grand jury in understanding the testimony of a witness; a security officer or security officers the supervising judge determines are needed to escort witnesses who are in custody or to protect the members of the grand jury and the other people present during a session of the grand jury; and any individuals the supervising judge determines are required to assist the grand jurors with the presentation of evidence. *This would include such people as the case agent (lead investigator),* who would assist the attorney for the commonwealth with questions for witnesses; experts, who would assist the grand jury with interpreting difficult, complex technical evidence; or technicians to run such equipment as tape recorders, videomachines, etc.

"It is intended in paragraph (b) that when the supervising judge authorizes a certain individual to be present during a session of the investigating grand jury, the person may remain in the grand jury room only as long as it is necessary for that person to assist the grand jurors.

"Paragraph (c), added in 1987, generally prohibits the disclosure of any information related to testimony before the grand jury. There are, however,

some exceptions to this prohibition enumerated in section 4549 of the Judicial Code (42 Pa.C.S. §4549(1981)).'' Id. (emphasis added).[6]

The subpoenaed witnesses assert that the 1987 amendment to rule 264 adversely affects their substantive rights before the fifth statewide investigating grand jury, is violative of the disclosure provisions of the Investigating Grand Jury Act and was not within the jurisdiction of the Pennsylvania Supreme Court to enter pursuant to Article V, Section 10 of the Constitution of Pennsylvania. A party challenging the constitutionality of a law or rule carries the burden of demonstrating that the rule clearly, palpably, and plainly violates the constitution. See *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 425 A.2d 419 (1981); *Commonwealth v. Doty*, 345 Pa. Super. 374, 498 A.2d 870 (1985).

Article V, Section 10(c) of the Constitution of Pennsylvania provides: "The Supreme Court shall have the power to proscribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, and for admission to the bar and practice law, and the administration of all courts and supervision of all officers of the judicial branch, if such rules are consistent with this constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to

---

6. The full report of the Criminal Procedural Rules Committee on the proposed amendment to Pa.R.Crim.P. 264 is set forth at 17 Pa.B. 167-69. (January 10, 1987).

determine the jurisdiction of any court or justice of the peace,. . . ."[7]

The Investigative Grand Jury Act at section 4549(b) provides that " . . . the Supreme Court may adopt general rules, consistent with the provisions of this section, establishing standard procedures for the convening of multi-county investigating grand juries." The subpoenaed witnesses are of course correct that although rules promulgated by the Supreme Court may suspend other laws to the extent that they are inconsistent with such rules, a rule may not abridge, enlarge or modify the substantive rights of any litigant. See *Laudensberger v. Port Auth. of Allegheny,* 496 Pa. 52, 436 A.2d 147 (1981); *Commonwealth v. Kindness,* 247 Pa. Super. 99, 371 A.2d 1346 (1977).

The witnesses maintain, citing the act at section 4549(b) and (c) that these sections read together limit the individuals who may properly be present before an investigating grand jury in session. Since investigators are not mentioned they argue that the act precludes an investigator from being present in sessions of the grand jury and therefore the 1987 amendment to rule 264 improperly attempts to modify their substantive rights. A careful reading of these two sections of the act leads us to conclude that this position is incorrect.

Section 4549(b) provides:

"(b) Disclosure of Proceedings by Participants Other Than Witnesses.

"Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any

---

7. We would note that witnesses appearing before the grand jury are not "litigants" as the word is used in this section of the constitution relating to the abridgement of substantive rights. A "litigant" is "a party to a lawsuit." Black's Law Dictionary (Fifth Ed., 1979). A "witness" is "one who testifies to what he has seen, heard, or otherwise observed." Id.

juror may be made to the attorneys for the commonwealth for use in the performance of their duties. The attorneys for the commonwealth may, with the approval of the supervising judge, disclose matters occurring before the investigating grand jury including transcripts of testimony to local, state, or other state or federal law enforcement of investigating agencies to assist them in investigating crimes under their investigative jurisdiction. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court. All such persons shall be sworn to secrecy, and shall be in contempt of court if they reveal any information which they are sworn to keep secret."

The act at section 4549(c) authorizes the right to counsel for witnesses before investigating grand juries. At subsection (3) it provides that an attorney shall be allowed to be present in the grand jury room during the questioning of witnesses and may advise the witness but shall make no objection or arguments or otherwise address the grand jury or the attorney for the commonwealth. Neither section 4549(c) nor (b) specifically limit or otherwise set forth who may be present in the jury room while the jury is in session. Thus, the disclosure section 4549(b) and the counsel section 4549(c), do not by law limit those persons who may be present before a grand jury when it is in session. We reject the witnesses argument that these two sections, by implication, limit those who may be present before a grand jury in session. The act does not specifically address that question; accordingly, it was an appropriate subject to delineate by a rule of criminal procedure.

The 1987 amendment to rule 264 does not represent a deviation from any requirement of the Investigating Grand Jury Act relating to disclosure; therefore, it does not affect the substantive rights of any witness appearing before a grand jury and it is not in violation of the provisions of Article V, Section 10 of the Constitution. Agent Bassett was sworn to secrecy as required by Pennsylvania Rule of Criminal Procedure 256 and the record shows that he made no statements to the grand jury or to any witnesses. The reliance by the witnesses on federal cases interpreting Federal Rules of Criminal Procedure pertaining to the secrecy and disclosure requirements before federal grand juries is misplaced. The issue here involves a procedural rule promulgated by the Pennsylvania Supreme Court. State courts are free to experiment with the procedure for the operation of their legal entities as long as their rules do not violate the federal and the applicable state constitutions. See *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).[8]

Even if an investigator is not present when testimony is taken by the grand jury, the act authorizes the supervising judge to order the disclosure of such testimony to investigating or law enforcement agencies in order to assist those agencies in investigative claims within their jurisdictions. 42 Pa. C.S. §4549(a). Since investigators present pursuant to a rule 264 order may not address the witnesses, the witnesses' counsel, or the grand jury, the limitations built into the amended rule preserve the secrecy of grand jury proceeding. The witnesses' argu-

---

8. *Williams* upheld a Florida rule of criminal procedure requiring defendants to provide prosecutors with notice regarding alibi defense, and a Florida law that provided for a six-member criminal jury.

ment that this procedure has a chilling effect as it relates to the rights of secrecy and protection against disclosure of a witnesses testimony is unconvincing. Rule 264 does not diminish the rights of any witnesses that appears before an investigating grand jury.[9] Accordingly, the orders entered on October 20 and 22, 1987, were not in error.

---

9. The witnesses also maintain that the presence of agent Bassett was not necessary to assist in the presentation of evidence before the grand jury. Based upon the application which we find was made in good faith by the attorney general, we are satisfied that there was no abuse of discretion in entering the challenged order. The witnesses proffered testimony that agent Bassett was prejudiced against them is not relevant as to whether it was proper to allow him to assist an assistant attorney general in the presentation of evidence.